Defendant-appellant George Fullager appeals from the October 15, 1997, Opinion and Judgment Entry of the Ashland County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E) and upholding the constitutionality of R.C. Chapter 2950, et seq. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 23, 1993, appellant was indicted by the Ashland County Grand Jury on one count of rape in violation of R.C.2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The indictment alleged that during the period from approximately April 1, 1993, to July 12, 1993, appellant had engaged in vaginal intercourse and sexual contact with "Jane Doe", who was less than thirteen (13) years of age. Appellant, on July 30, 1993, the date of his arraignment, entered a written plea of not guilty by reason of insanity to the charges contained in the indictment. Pursuant to a Judgment Entry filed on August 24, 1993, the trial court granted appellant leave to enter pleas of not guilty and, in the alternative, not guilty by reason of insanity.
Following appellant's arraignment, the trial court ordered the Diagnostic Forensic Center in Mansfield, Ohio, to conduct evaluations on appellant's mental condition at the time of the alleged offenses and appellant's competence to stand trial. Appellant also arranged for an independent evaluation. A competency hearing was held on December 17, 1993. Pursuant to an Opinion and Judgment Entry filed on February 11, 1994, appellant was found competent to stand trial.
On June 14, 1994, appellant withdrew his former plea and entered a plea of guilty to attempted rape in violation of R.C.2923.02 and R.C. 2907.02(A)(1)(b), the lesser included offense to rape. At the request of the State, the trial court dismissed the remaining count. A Judgment Entry memorializing appellant's plea and a written "Wavier of Constitutional Rights and Plea of Guilty" were both filed on June 14, 1994. The trial court, on July 19, 1994, sentenced appellant to prison for an indefinite term of not less than five (5) years nor more than fifteen (15) years. Thereafter, a Judgment Entry was filed on July 20, 1994.
After the enactment of Ohio's Version of Megan's Law, R.C. Chapter 2950, the Ohio Department of Rehabilitation and Correction submitted a screening instrument to the trial court recommending that appellant be adjudicated a sexual predator. A hearing to determine appellant's status as a sexual predator, which is commonly known as a H.B. 180 hearing, was scheduled for September 17, 1997. Prior to the hearing, appellant filed a Motion to Dismiss on ex post facto and retroactivity grounds.
At the September 17, 1997, hearing, the State presented the trial court with a copy of appellant's presentence investigation report. In addition, Jack Briscoe, a former police officer who was involved in the investigation involving appellant, testified that the victim, who was ten years old at the time, told him that the 49 year old appellant had fondled her and penetrated her digitally several times over a three week period and had, on one occasion, penetrated her with his penis. Appellant was a resident in the veteran's home operated by the victim's mother. Both the victim and her mother also lived upstairs in the veteran's home.
At the conclusion of the hearing, the trial court, which previously had stated that it would rule on appellant's Motion to Dismiss at a later date, granted the parties leave to file memorandums with the court. Both parties filed post hearing briefs. Pursuant to an Opinion and Judgment Entry filed on October 15, 1997, the trial court adjudicated appellant a sexual predator and upheld the constitutionality of R.C. 2950 et seq. It is from the October 15, 1997, opinion and Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED BY APPLYING CHAPTER 2950 OF THE OHIO REVISED CODE TO DEFENDANT-APPELLANT IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE UNITED STATES.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED BY APPLYING CHAPTER 2950 OF THE OHIO REVISED CODE TO DEFENDANT-APPELLANT IN VIOLATION OF ARTICLE II, SECTION 28 OF THE CONSTITUTION OF OHIO.
 I, II
Appellant, in his assignments of error, argues that R.C. Chapter 2950 cannot be applied to him under the prohibition against ex post facto laws set forth in Article I, Section 10
of the United States Constitution and the prohibition against retroactive laws set forth in Article II, Section 28 of the Ohio Constitution. However, both of appellant's assignments are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, State v. Nosic (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported.
Even though Cook specifically dealt with a factual situation that falls under R.C. 2950.09(B)(1) (in which the defendant was sentenced after the effective date of 2950.09(B)(1)), and the case before this court deals with a factual situation that falls under R.C. 2950.09(C)(1) (in which defendant was sentenced and serving prison time when 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. The portion of H.B. 180 dealing with the new classification system for sex offenders (2950.09) became effective on January 1, 1997. The registration, verification and community notification provisions of H.B. 180 became effective on July 1, 1997.
In regard to Assignment of Error I, the following language inCook (p. 423) (citing Kurth Ranch, 511 U.S. at 777,114 S.Ct. at 1945, 128 L.Ed.2d at 777, fn. 14) applies: "[w]e do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one." Cook further states, "we find that the registration and notification provisions of R.C. Chapter 2950 do not violate Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public."
In regard to Assignment of Error II, the Cook court determined that the registration, verification and notification portions of H.B. 180 did not violate the prohibition against retroactive laws. Citing the New Jersey Supreme Court in Doe v.Poritz (1995), 142 N.J. 1, 662 A.2d 367, Cook (p. 412) sets forth the following: "if the law did not apply to previously convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously convicted offenders . . . The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously convicted offenders, when the nature of those risks were identical . . .". Cook (p. 414) further states, "[t]o hold otherwise would be 'to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.' " (Citing Doe v Poritz, 142 N.J. at 109,662 A.2d at 422)
The judgment of the Ashland County Court of Common Pleas is affirmed.
By Edwards, J., John Wise, P. J. and Reader, Don, V.J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES